UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WALKER, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-06-693 |
| P. CARRASQUILLO, LIEUTENANT | : | |
| | : | (Judge McClure) |
| Defendant | : | |

## **MEMORANDUM AND ORDER**

April 24, 2006

**Background**

This pro se civil rights action was initiated by Michael Walker ("Plaintiff"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"). Plaintiff has submitted an application requesting leave to proceed *in forma pauperis*, which will be granted. For the reasons set forth below, Walker's complaint will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as sole Defendant is USP-Lewisburg Lieutenant P. Carrasquillo.

Walker states that on March 19, 2006, Lieutenant Carrasquillo and another correctional officer interrogated him regarding a violation of prison policy.  See Record document no. 1, ¶ 1.   During this questioning, it is alleged that the Defendant verbally threatened Walker with physical harm.  Plaintiff adds that Carrasquillo also made sexually derogatory remarks about his mother and sister.  Furthermore, the Defendant "then told Plaintiff that he kind like [sic] him while in discussion with another officer."  Id. at ¶ 4.   Walker concludes that the above purported comments are properly characterized as being threats and sexual proposals and constitute violations of his constitutional rights.  His seeks fifty thousand dollars ($50,000.00) in compensatory damages for fear, pain, emotional scars, stress, and mental anguish.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*.  § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by

persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

**Mental and Emotional Injury**

Walker alleges that he suffered mental and emotional injuries as a result of the Defendant's alleged conduct. There are no alleged physical injuries described or alleged in the complaint.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in Allah and Section 1997e(e), Walker's civil rights claims which assert violation of his constitutional rights and "seeks to

4

be compensated"[2] can proceed only to the extent that they seek non-compensatory damages.  See Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa.  2001).

**Verbal Harassment**

It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983.  Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); and Jones v. Superintendent, 370 F. Supp. 488, 491 (W.D. Va. 1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.).  A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or

---

[2]   Record document no. 1, p. 2.

under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991).

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. Bieros v. Nicola, 860 F. Supp. 226, 233 (E.D. Pa. 1994); see also Prisoners' Legal Ass'n, 822 F. Supp. at 189; Murray, 809 F. Supp. at 384.

Walker asserts that Lieutenant Carrasquillo verbally threatened him and made sexually derogatory remarks on a single occasion. There is also no indication that the verbal threats were accompanied by any reinforcing act as contemplated under Northington and Douglas. The alleged threats were also not conditioned on the prisoner's exercise of a constitutionally protected right. Since Walker did not suffer a change or denial of a constitutionally protected right or status, his allegations of verbal harassment do not rise to the level of a viable civil rights

claim.

In conclusion, since the Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

3. The Clerk of Court is directed to close the case.[3]

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[3] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on the Warden of USP-Lewisburg, as well as the Warden of any correctional facility to which Plaintiff is transferred.

7